-- NOT FOR PUBLICATION --

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GLENN ESKRIDGE,**<br>           **Plaintiff,**<br><br>       v.<br><br>**PHILADELPHIA HOUSING AUTHORITY, JOANNE STRAUSS, AND KELVIN JEREMIAH,**<br>           **Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO.  15-5576** |

## MEMORANDUM OPINION

Before the Court is Defendants' second Motion for Summary Judgment, which shall be granted for the reasons explained below.

### I.  BACKGROUND

The Court writes primarily for the parties' benefit, providing only the necessary factual and procedural history.

Previously, the Court granted summary judgment in favor of Defendants with respect to Plaintiffs' Title VII, PHRA and 42 U.S.C. § 1983 First Amendment retaliation claims for actions taken prior to June 17, 2014 because Plaintiff had "failed to point to record evidence that Jeremiah or Strauss were aware that he engaged in protected activity prior to the time he filed an EEOC complaint" on that date.  ECF No. 40.  Because Plaintiff's Amended Complaint also alleged Title VII, PHRA and First Amendment retaliation based on events that took place after October 15, 2014 that were first raised in an EEOC complaint filed on October 15, 2015 – for which no right-to-sue letter had been issued – these claims were stayed.  *Id.*  Following Plaintiff's receipt of a right-to-sue letter on the claims raised in the second EEOC complaint, the Court granted Defendant's motion for leave to file a second summary judgment motion with respect to the merits of Plaintiff's remaining claims.  ECF No. 49.

II.     ANALYSIS

    A.  Title VII and PHRA Retaliation – after October 15, 2014

Plaintiff's remaining retaliation claims are based on: (1) onerous extra work assignments Plaintiff received after his return from leave on October 15, 2014; and, (2) the Philadelphia Housing Authority Police Department's decision not to promote him when he applied for open lieutenant and inspector positions in April of 2015.

A review of the instant summary judgment record reveals that Plaintiff cannot establish a *prima facie* Title VII or PHRA retaliation claim following his return from leave on October 15, 2104.  Even assuming the extra work assignments and decision not to promote him are "materially adverse in that they well might have dissuaded a reasonable worker from making or supporting a charge of discrimination," *Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006), *as amended* (Sept. 13, 2006), the record is devoid of evidence that could establish a causal connection between these actions and Plaintiff's protected activity, namely, the June 17, 2014 EEOC complaint.

The temporal proximity, in and of itself, is not suggestive of retaliatory intent: at best, the record suggests 4 months elapsed between Plaintiff's first EEOC complaint and the extra work assignments upon his return from leave, and 10 months elapsed before Plaintiff applied for and did not receive a promotion.  Critically, there is no testimony or documentary evidence that indicates that anyone at Philadelphia Housing Authority responsible for these actions was motivated by an intent to retaliate.  Nor does Plaintiff point to any facts that contradict Strauss and Jeremiah's claims that they were not involved in the decision not to promote Plaintiff.  JA 334-38, 476.  Without any factual basis from which a jury could infer the required causal connection, the remaining Title VII and PHRA retaliation claims must be dismissed.

### B.  First Amendment Retaliation (42 U.S.C. § 1983) - after October 15, 2014

Similarly, the summary judgment record shows that Plaintiff cannot make out a *prima facie* case on his remaining 42 U.S.C. § 1983 First Amendment retaliation claim.  Even assuming the extra work assignments following his return from leave on October 15, 2014, and the Philadelphia Housing Authority Police Department's decision not to promote him in April of 2015 would be "sufficient to deter a person of ordinary firmness from exercising his or her rights," there is no evidence of the "causal connection between [Plaintiff's] protected activity and the retaliatory action" required for a First Amendment retaliation claim.  *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).

### C.  Fourteenth Amendment Equal Protection (42 U.S.C. § 1983)

In their first summary judgment motion, Defendants' only argument with respect to Plaintiff's 42 U.S.C. § 1983 Fourteenth Amendment equal protection claim was that Plaintiff failed to point to evidence that would support a claim against the Philadelphia Housing Authority under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  Because Plaintiff's equal protection claim was not asserted against the Philadelphia Housing Authority as a *Monell* claim, but was only asserted against Jeremiah and Strauss as individuals, Defendants' motion was denied, ECF No. 40, as was their motion to reconsider this aspect of the Court's first summary judgment order, ECF No. 44.  Defendants now move for summary judgment in favor of Strauss and Jeremiah on the grounds that Plaintiff has failed to point to evidence that they engaged in intentional discrimination.

Plaintiff's sole argument in opposition is that Defendants have waived this argument by not making it in the first summary judgment motion. Opp'n at 24. However, Rule 56 imposes no such waiver requirement, and indeed, provides that a summary judgment motion may be filed at any time allowed by the Court. FED. R. CIV. P. 56(b). Because the Court granted leave to file the instant summary judgment motion, ECF No. 49, it is appropriate to reach the merits of Defendants' arguments for summary judgment on the equal protection claim.

A Fourteenth Amendment equal protection claim requires a showing of "'intentional discrimination.'" *Hassan v. City of N.Y.*, 804 F.3d 277, 294 (3d Cir. 2015) (quoting *Washington v. Davis*, 426 U.S. 229, 241 (1976)), *as amended* (Feb. 2, 2016). To establish intentional discrimination, a plaintiff must show that he "received different treatment from that received by other individuals similarly situated." *Chambers ex rel. Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, 587 F.3d 176, 196 (3d Cir. 2009).

With respect to Plaintiff's allegations that were subject to the first EEOC complaint, the Court dismissed Plaintiff's Title VII and PHRA discrimination claims because the summary judgment record contained no evidence giving rise to an inference of discrimination (ECF No. 40). In particular, Plaintiff was unable to produce comparator evidence or other circumstances to show that the close-relationship policy had been applied in a discriminatory manner due to race – Plaintiff is African American, as were the purported comparators (Plaintiff waived his sex discrimination claims in his response in opposition to the first summary judgment motion (ECF No. 27, at 4, n.1)).

The instant summary judgment record is equally lacking in comparator evidence or other circumstances that would give rise to an inference of intentional discrimination to support a Fourteenth Amendment equal protection claim.  There are simply no facts to indicate that Plaintiff's treatment with respect to the close-relationship policy had anything to do with race.  Nor is there anything to suggest that the extra work assignments or the decision not to promote him were based on race.  In fact, the individuals who were ultimately promoted to the lieutenant position Plaintiff applied for included African Americans.  JA 52-53, 625; *see also* Am. Compl. ¶ 41.  Accordingly, Plaintiff cannot make a *prima facie* showing of intentional discrimination, and the 14th Amendment equal protection claim must be dismissed.

\*\*\*

An appropriate order follows.

Dated: March 08, 2017.

**BY THE COURT:**

**/S/WENDY BEETLESTONE, J.**

**_____**

**WENDY BEETLESTONE, J.**